**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-7759**

———————

KENIS RAY JOHNSON,

               Petitioner - Appellant,

     v.

FRANK PERRY,

               Respondent - Appellee.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, Chief District Judge.  (5:13-hc-02132-D)

———————

Submitted:  April 28, 2015          Decided:  May 11, 2015

———————

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Kenis Ray Johnson, Appellant Pro Se.  Clarence Joe DelForge, III, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenis Ray Johnson seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (2012) petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). When a district court denies relief on the merits, a prisoner satisfies this standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When a district court denies relief on procedural grounds, a prisoner must demonstrate that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. See Slack, 529 U.S. at 484-85.

Appellant argues that his retained counsel rendered ineffective assistance by failing to properly advise him during plea negotiations. The state court rejected this argument, so Appellant now seeks federal habeas relief. Under the circumstance of this case, Appellant must show the state court's decision "resulted in a decision that was contrary to, or

2

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1) (2012).

We have independently reviewed the record and conclude that Johnson has not made the requisite showing.  The Sixth Amendment right to counsel "extends to the plea-bargaining process." Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012).  To succeed, Appellant must show "that counsel's representation fell below an objective standard of reasonableness" and that "the outcome of the plea process would have been different with competent advice."  Id. (internal quotation marks omitted).  Under the circumstances of this case, Appellant must show that but for counsel's advice that he "would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances"; "that the court would have accepted its terms"; and "that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed."  Id. at 1385.

In part, the state court denied relief because Appellant could not show he would have accepted the plea.  Appellant sought to establish this fact based on his own assertion that he would have accepted the plea.  But evidence indicated Appellant was advised he faced a substantial sentence if he rejected the plea and Appellant had ample opportunity to review the evidence

3

against him prior to rejecting the plea. These circumstances undermine the credibility of Appellant's assertion that he would have accepted the plea. Considering this conflict, the state court's application of <u>Lafler</u> was not unreasonable and the district court's denial of relief is not debatable. <u>See</u> <u>Merzbacher v. Shearin</u>, 706 F.3d 356, 366–67 (4th Cir. 2013) ("[I]t is entirely clear that to demonstrate a reasonable probability that he would have accepted a plea, a petitioner's testimony that he would have done so must be credible.").

Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>

4